[Civ. No. 1501.   First Appellate District.—March 25, 1915.]

MENDEL BERMAN, Respondent, v. BYRON RUTLEY, Appellant.

CONTRACTS—AGREEMENT TO FORM PARTNERSHIP—ABANDONMENT—AC-TION TO RECOVER MONEY ADVANCED—CONFLICTING EVIDENCE—FIND-INGS CONCLUSIVE ON APPEAL.—In this action to recover certain money loaned by plaintiff to defendant under a certain agreement contemplating the formation of a partnership between plaintiff and defendant which provided that the money should be repaid to plain-tiff if the partnership were not formed, it is held that, as the evi-dence was conflicting as to what occurred between the parties subsequent to the execution of the agreement, the findings of the trial court in favor of the plaintiff will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of Ala-meda County.   J. D. Murphey, Judge presiding.

The facts are stated in the opinion of the court.

L. D. Manning, for Appellant.

Lucius L. Solomons, for Respondent.

THE COURT.—This is an appeal from a judgment in favor of plaintiff for the sum of $1769.15, alleged to be due accord-ing to the terms of a written contract between the parties.

The facts of the case which are relied upon to sustain the findings of the court are these: On the first day of May, 1912, the plaintiff and defendant entered into a written agreement, which recited that the defendant was the holder of a lease

upon certain premises in the city of Oakland, in which he was to open a clothing store dealing in men's clothes, and to stock said store with a certain lot of goods which he had theretofore ordered from the Imperial Clothing Specialty Co., a corporation of New York; that the plaintiff was an experienced clothing salesman, whose services the defendant was desirous of procuring as manager of his said store for the ensuing year with a view to a future partnership between them. The agreement further recited that the defendant was presently to receive from the Imperial Clothing Specialty Co. a bonus of five hundred dollars for handling their goods, and that he was also to borrow one thousand five hundred dollars from the plaintiff, which sums he was to use in the fitting up of the store and in the conduct and carrying on of the business; that the one thousand five hundred dollars so to be received from the plaintiff was not to be repaid by the defendant in the event that a copartnership was entered into between them within the period of a year; but that in the event that no such partnership was entered into the plaintiff was to be repaid the same, with interest at the rate of six per cent per annum from the date of its advancement. It was also agreed that the plaintiff was to receive the sum of one hundred and fifty dollars a month salary from the date of the agreement.

The testimony adduced upon the trial was chiefly that of the parties themselves, and was radically in conflict as to what had occurred subsequent to the execution of this agreement. The trial court, however, chose to accept the plaintiff's statement as to the relation and dealings and differences of the parties during the months immediately succeeding the making of their contract. The testimony on the part of the plaintiff so accepted by the court was in substance to the effect that, owing to some misunderstanding with the Imperial Clothing Specialty Co. and possibly to the unsatisfactory quality of their first consignment of goods, the defendant did not receive from that company its promised bonus, and did not handle their goods, and in fact never did open the store; but, owing to his capricious and procrastinating ways, kept the plaintiff at his beck and call for eleven months, paying him his stipulated salary with a fair degree of regularity during that time, but finally abandoning the enterprise and disposing of the leasehold of the store. During this period repeated attempts were made to arrive at a settlement of the mutual obligations

and differences of the parties arising out of their agreement and subsequent conduct, but without avail, until finally, when the enterprise was abandoned and the design of forming a partnership given up, the plaintiff demanded the return of his one thousand five hundred dollars with accrued interest, and the payment of the small remaining balance of his salary, which being refused, this action was brought to recover those sums, aggregating the amount for which judgment was given.

As heretofore stated, the testimony of the plaintiff and the defendant is in sharp conflict upon many of the foregoing matters; and practically the entire brief of appellant is devoted to a discussion of those disputed issues of fact. The trial court, however, resolved those conflicts in favor of the plaintiff, and with its discretion in so doing this court will not interfere.

We do not discover in this record any legal question which requires consideration.

Judgment affirmed.